UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| JOHNNIE ODUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV606-045 |
| | ) |
| BULLOCH COUNTY PUBLIC DEFENDER'S OFFICE, BULLOCH COUNTY JAIL, BULLOCH COUNTY, and PUBLIC DEFENDER JACK WILLIAMSON, | ) |
| | ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *in forma pauperis*, has brought an action pursuant to 42 U.S.C. § 1983 against the following named defendants: Bulloch County Public Defender's Office, Bulloch County Jail, Bulloch County, and Public Defender Jack Williamson. Plaintiff's abbreviated complaint alleges two claims: (1) that he was in custody for "7 months without any representation" because the lawyer appointed to represent him "never came to talk to [him] for the [e]ntire 7 months," and (2) "the Capt[ain] of the jail pulled a taser gun" and tried to make plaintiff "go into court" despite knowledge that plaintiff lacked proper legal representation.

Doc. 1 at 5. Plaintiff seeks no damages or injunctive relief from any defendant related to either of these claims. Instead, plaintiff requests an "investigation" of the way the Bulloch County Jail and its staff treats inmates. Plaintiff's complaint fails to state a claim for relief and should be dismissed prior to service upon the defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A(b)(1).

Plaintiff's claims of ineffective legal representation by Public Defender Jack Williamson and the Bulloch County Public Defender's Office are foreclosed by settled precedent. The Supreme Court has held "that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985). Whether retained or court-appointed, an attorney who serves as counsel for a defendant in a criminal proceeding does not act on behalf of the state but is instead "the State's adversary" and hence cannot be subjected to liability under § 1983. Dodson, 454 U.S. at 318-19 n. 7, 323 n. 13; Eling v. Jones, 794 F.2d 679 (8th Cir. 1986); Hall v. Quillen, 631 F.2d 1154, 1156 (4th Cir. 1980); Page

v. Sharpe, 487 F.2d 567, 570 (1st Cir. 1973).  Therefore, plaintiff has failed to state a § 1983 cause of action against either the public defender assigned to represent him or the "public defender's office"[1] itself.

Nor has plaintiff stated any cause of action against the "Captain" of the Bulloch County Jail, the jail itself, or Bulloch County.  Plaintiff's allegation that the unnamed Captain "pulled a taser gun" in an effort to make plaintiff go to a scheduled court proceeding despite knowledge that plaintiff lacked "prop[e]r representation" states no colorable claim for relief.  A jail official has no discretion to ignore a court directive to produce a detainee for a court hearing, and thus even in the unlikely event that the jailer knew that plaintiff was not receiving adequate legal representation, that knowledge would not have excused the jailer from fulfilling his duty of bringing plaintiff to court when ordered to do so.[2]  Finally, plaintiff has

---

[1] The "office" of the public defender, like a county "police department," is not a legal entity subject to suit under § 1983.  See Lovelace v. DeKalb Central Probation, 144 Fed. Appx. 793, 795 (11th Cir. 2005).  Furthermore, plaintiff makes no factual allegations against this entity and does not otherwise refer to the public defender's office in the body of his complaint.

[2] Plaintiff never states that the jailer actually used the taser but simply claims that the jailer "pulled" the weapon.  As a general matter, the mere threatened use of a stun gun or taser is not unconstitutional absent the "malicious purpose of inflicting gratuitous fear."  Bidal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (quotation omitted); see also Michenfelder v. Sumner, 860 F.2d 328, 334-36 (9th Cir. 1998).  Plaintiff raises no such claim.

made no specific allegations against either the "jail" (which is not a suable entity) or Bulloch County. And even if the jailer had violated plaintiff's constitutional rights by threatening the use of a stun gun, the mere fact that he was an employee of Bulloch County would not subject the county to any liability. <u>Polk County v. Dobson</u>, 454 U.S. at 325 (§ 1983 "will not support a claim based on a respondeat superior theory of liability").

Plaintiff's complaint fails to state a claim upon which relief may be granted and should therefore DISMISSED.

**SO REPORTED AND RECOMMENDED** this 5Th day of June, 2006.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA